UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.

**RASHAD ALLEN**

**Defendant.**

Criminal No. 25-MJ-145 (MAU)

## UNOPPOSED MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE AND TO VACATE THE PRELIMINARY HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the complaint against Rashad Allen without prejudice and to vacate the preliminary hearing scheduled for Friday, September 19.

Pursuant to Rule 48(a), the government may dismiss an indictment, information, or complaint with leave of the Court. Fed. R. Crim. P. 48(a); see also *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss charges over the defendant's objection. *Id.* (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)).

As a general matter, Rule 48(a) allows the court to reject the government's motion to dismiss without prejudice only in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal." *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See*

*also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." (citations and quotation marks omitted)).

Here, after careful review, the government has determined that the interests of justice favor prosecution in D.C. Superior Court over continued federal prosecution. Accordingly, the government respectfully moves to dismiss the complaint without prejudice. This motion is made in good faith, is not intended to harass the defendant, and is consistent with the public interest.

In light of the government's motion, the preliminary hearing currently scheduled for Friday, September 19 at 11:00 a.m. is no longer necessary and should therefore be vacated. The United States has conferred with counsel for the defendant and is authorized to say there is no opposition to this motion.

        Respectfully submitted,

        Jeanine Ferris Pirro
        United States Attorney

By:    */s/ Andrea Duvall*
        Andrea Duvall
        AR Bar No. 2013114
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, DC 20530
        (202) 252-2408
        andrea.duvall@usdoj.gov